UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

KIMBERLY GRANT,                              )
     *Plaintiff,*                         )
                                             )
    *vs.*                               )    1:13-cv-0084-JMS-TAB
                                             )
UNITED STATES DEPARTMENT OF HOUSING           )
AND URBAN DEVELOPMENT,                        )
    *Defendant.*                        )

## ORDER

Presently before the Court in this action brought under the Federal Tort Claims Act ("FTCA") is Defendant United States Department of Housing and Urban Development's ("HUD") Motion to Dismiss or, in the Alternative, Motion for Summary Judgment.  [Dkt. 6.]

### I.
### STATEMENT OF FACTS

Plaintiff Kimberly Grant, *pro se*, filed a Notice of Claim ("Notice") under the FTCA with HUD on or about October 11, 2012, which HUD claims it received by hand delivery on October 16, 2012.  [Dkts. 1 at 1, ¶ 4; 8 at 1, ¶ 3.]  On January 14, 2013, Ms. Grant filed a Complaint with this Court, asserting a negligence claim against HUD.  [Dkt. 1.]  As of March 21, 2012, when HUD filed the pending motion, HUD was reviewing the claim and had not denied it.  [Dkt. 8 at 1, ¶¶ 4-5.]  Subsequently, HUD informed Ms. Grant in an April 3, 2013 letter that it was denying her claim.  [Dkt. 10-1.]

### II.
### STANDARD OF REVIEW

At the outset, the Court notes that the Seventh Circuit Court of Appeals has instructed that whether a plaintiff has exhausted administrative remedies which are a prerequisite to suit – which is the issue HUD raises here – "does not implicate federal subject matter jurisdiction and

is better addressed under Rule 12(b)(6) than Rule 12(b)(1)." *Waters v. Anonymous Hosp. A*, 2011 U.S. Dist. LEXIS 41475, *3-4 (S.D. Ind. 2011) (*citing Palay v. United States*, 349 F.3d 418, 424 (7th Cir. 2003)).  However, due to HUD's reliance on matters outside of the pleadings, [*see* dkt. 8], the Court will treat HUD's motion as a motion for summary judgment under Fed. R. Civ. P. 12(d).  *Waters*, 2011 U.S. Dist. LEXIS 41475 at *4.[1]

A motion for summary judgment asks that the Court find that a trial based on the uncontroverted and admissible evidence is unnecessary because, as a matter of law, it would conclude in the moving party's favor.  *See* Fed. R. Civ. P. 56.  To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial.  Fed R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits.  Fed. R. Civ. P. 56(c)(1)(A).  A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact.  Fed R. Civ. P. 56(c)(1)(B).  Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.  Fed. R. Civ. P. 56(c)(4).  Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially the grant of summary judgment.  Fed. R. Civ. P. 56(e).

---

[1] The Court notes Ms. Grant's argument raised in her Response that HUD failed to include a "Statement of Material Facts Not in Dispute" in its motion but, given that very limited facts are relevant to the motion, the Court exercises its discretion under Local Rule 56-1(l) to forgive HUD's omission.  Additionally, HUD complied with the notice requirements for *pro se* litigants under Local Rule 56-1(k).  Ms. Grant filed her own affidavit in response to HUD's motion, but did not contradict any of the facts HUD relies upon in the motion.

The Court need only consider the cited materials, Fed. R. Civ. P. 56, and the Seventh Circuit Court of Appeals has "repeatedly assured the district courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them." *Johnson v. Cambridge Indus.,* 325 F.3d 892, 898 (7th Cir. 2003). Furthermore, reliance on the pleadings or conclusory statements backed by inadmissible evidence is insufficient to create an issue of material fact on summary judgment. *Id.* at 901.

The key inquiry, then, is whether admissible evidence exists to support a plaintiff's claims or a defendant's affirmative defenses, not the weight or credibility of that evidence, both of which are assessments reserved for the trier of fact. *See Schacht v. Wis. Dep't of Corrections*, 175 F.3d 497, 504 (7th Cir. 1999). And when evaluating this inquiry, the Court must give the non-moving party the benefit of all reasonable inferences from the evidence submitted and resolve "any doubt as to the existence of a genuine issue for trial…against the moving party." *Celotex*, 477 U.S. at 330.

## III.
### DISCUSSION

HUD argues that Ms. Grant's Complaint is premature because she filed it before HUD had denied her administrative claim and before six months had passed since she filed the claim. [Dkts. 7 at 2-4; 12 at 1-2.] Ms. Grant responds that, because HUD has now denied her claim, HUD's motion is moot. [Dkt. 10 at 3.]

The FTCA sets forth certain requirements a plaintiff must satisfy before he or she can file suit against the United States. Specifically, Section 2675(a) of the FTCA provides that:

> An action *shall not* be instituted upon a claim against the United States for money damages for injury or loss of property…caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by*

> *the agency* in writing and sent by certified or registered mail. The failure of an
> agency to make final disposition of a claim *within six months* after it is filed shall,
> at the option of the claimant any time thereafter, be deemed a final denial of the
> claim for purposes of this section.

28 U.S.C. §2675(a) (emphasis added).

In *McNeil v. United States,* 508 U.S. 106, 107, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993), the plaintiff filed a complaint in the United States District Court for the Northern District of Illinois, *pro se*, alleging that the United States Public Health Service was responsible for personal injuries he suffered while incarcerated.  Four months later, the plaintiff submitted a claim to the Department of Health and Human Services, which was subsequently denied.  *Id.* at 107-108.  In dismissing the plaintiff's complaint, the Court held that the complete exhaustion of administrative remedies is a prerequisite to bringing a claim under the FTCA that must be complied with before a plaintiff may avail himself of the judicial process.  *Id.* at 112.  The Court further held:

> Every premature filing of an action under the FTCA imposes some burden on the
> judicial system and on the Department of Justice which must assume the defense
> of such actions. Although the burden may be slight in an individual case, the stat-
> ute governs the processing of a vast multitude of claims. The interest in orderly
> administration of this body of litigation is best served by adherence to the
> straightforward statutory command.

*Id.* (footnote omitted).  *See also Waters*, 2011 U.S. Dist. LEXIS 41475 at *9 ("the Court must strictly adhere to § 2675(a) regardless of whether [plaintiff] filed suit proactively while simultaneously filing notice of his tort claim").

Although Ms. Grant submitted her Notice to HUD before she initiated this litigation, she ultimately failed to fully exhaust her administrative remedies as required by the FTCA.  In her Complaint, Ms. Grant asserts that she submitted the Notice to HUD approximately three months prior to filing this action.  Ms. Grant's affidavit contains no allegations that HUD made any statements or representations that led her to believe her claim had been denied before she filed

her Complaint.  *See* Dkt. 10-1.  Furthermore, Ms. Grant offers no facts or evidence sufficient to refute HUD's assertion that at the time Ms. Grant filed her Complaint, HUD had not denied her pending claim and six months had not passed since the filing of her claim.

Under §2675(a), HUD had six months from the date of receipt of Ms. Grant's Notice to take action.  HUD's action or inaction during that six month period was HUD's prerogative.  Although HUD eventually denied Ms. Grant's claim on April 3, 2013, [*see* dkt. 10-1 at 3], such a subsequent denial does nothing to rescue her Complaint from prematurity.  Accordingly, the Court finds that Ms. Grant did not fully comply with §2675(a) prior to filing her Complaint with this Court, and dismisses her claims.[2]

## IV.
### CONCLUSION

The statutory scheme for filing a lawsuit based on a federal tort claim is both straightforward and mandatory.  Therefore, the Court **GRANTS** HUD's Motion to Dismiss or, in the Alternative, for Summary Judgment, [dkt. 6], and **DISMISSES** Ms. Grant's Complaint against HUD without prejudice.  Ms. Grant is free to re-file her Complaint in conformance with 28 U.S.C. § 2675(a).

05/23/2013

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

[2] The threshold issue before the Court is whether or not Ms. Grant complied with 28 U.S.C. § 2675(a).  To the extent that ¶ 8 of Ms. Grant's Complaint alleges a separate violation of her constitutional rights, for which exhaustion of administrative remedies is not required, the Court dismisses that claim under Fed. R. Civ. P. 12(b)(6) as Ms. Grant offers merely a conclusory statement without any factual support sufficient to support the claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (A complaint must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation").

**Distribution via ECF only:**

Jonathan A. Bont
UNITED STATES ATTORNEY'S OFFICE
jonathan.bont@usdoj.gov

**Distribution via U.S. Mail:**

Kimberly Grant
3946 Ridgeview Drive
Indianapolis, IN 46226